UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ANDREW K. STONE and SAMANTHA E. STONE,

Plaintiffs,

-against-

JAMAICA HOSPITAL MEDICAL CENTER, et al.,

Defendants.
-----------------------------------------------------------X

**ORDER**
25 Civ. 5943 (DG) (VMS)

**Vera M. Scanlon, United States Magistrate Judge:**

## I. BACKGROUND

Plaintiffs commenced this action pro se against multiple defendants, arising from Plaintiff Andrew Stone's ("Mr. Stone") alleged workplace injury and subsequent disputes concerning the administration of his workplace injury claim. See generally ECF Nos. 1 & 85. In the operative First Amended Complaint, Plaintiffs allege that Mr. Stone suffered a catastrophic workplace injury on May 13, 2025, while performing his job duties as a union plumber on the John F. Kennedy International Airport redevelopment project. See ECF No. 85 ¶¶ 1, 23. Plaintiff Samantha Stone ("Mrs. Stone") appears individually and is the wife of Mr. Stone. Id. ¶ 8. Among other things, Plaintiffs claim that "the delays, denials, and administration of Mr. Stone's claim resulted in significant financial hardship, interruption of medically recommended care, loss of income, continuing medical expenses, and other damages." Id. ¶ 6.

Now pending before the Court is Mr. Stone's motion to appoint counsel and proceed in forma pauperis. See ECF No. 84.[1] For the reasons discussed below, Mr. Stone's motion to

[1] Although both Mr. Stone and Mrs. Stone are named Plaintiffs, see ECF No. 85, only Mr. Stone signed the instant motions, see ECF No. 84.

appoint counsel is denied without prejudice, and Mr. Stone's motion to proceed in forma pauperis is denied as moot.

## II. MOTION TO APPOINT COUNSEL

Mr. Stone contends that he needs an attorney because he is not adequately trained to represent himself in a case involving multiple represented defendants, extensive medical records, federal procedural requirements and complex legal issues. See ECF No. 84 at 1. Mr. Stone states that prior to filing this action and continuously thereafter, he sought legal representation and consulted with multiple attorneys in New York and New Jersey. Id. Mr. Stone says that "[s]everal attorneys expressed concerns regarding the complexity of the matter, the procedural posture of the case, the number of parties involved, or the resources required to pursue the litigation." Id.

### a. Applicable Law

Civil litigants have "no constitutionally guaranteed right to the assistance of counsel." Leftridge v. Conn. State Trooper Officer No. 1238, 640 F.3d 62, 68 (2d Cir. 2011) (citations omitted). District courts are statutorily permitted to request appointment of counsel for indigents in civil cases. See 28 U.S.C. § 1915(e)(1). The court has substantial discretion regarding applications for appointment of counsel, "subject to the requirement that it be 'guided by sound legal principle.'" Cooper v. A. Sargenti Co., 877 F.2d 170, 171-72 (2d Cir. 1989) (per curiam) (quoting Jenkins v. Chemical Bank, 721 F.2d 876, 879 (2d Cir. 1983)). The court must "first determine whether the [plaintiff's] position seems likely to be of substance." Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986). If the plaintiff meets the threshold requirement, then the court should consider (1) his "ability to investigate the crucial facts"; (2) whether

"conflicting evidence implicating the need for cross-examination" will be "major proof" in the case; (3) his "ability to present the case"; (4) the "complexity of legal issues" and (5) "any special reason . . . why appointment of counsel would be more likely to lead to a just determination." Id. at 61-62.

**b. Discussion**

The Court first reviews Plaintiffs' complaint. On the record presently before the Court, Plaintiffs' claims do not satisfy the Hodge threshold requirement because the complaint does not appear to present a case likely to be of substance.[2] The allegations in Plaintiffs' complaint are vague and lack specific factual support. See generally ECF No. 85. For example, Plaintiffs allege that Mr. Stone suffered catastrophic injuries but provide scant details of how he obtained said injuries, simply noting that "coworkers observed Mr. Stone on the ground with catastrophic injuries." See id. ¶ 35. Plaintiffs further allege that the "mechanism of Mr. Stone's injuries remains disputed," and that there are "material factual questions concerning how the incident occurred." See id. ¶¶ 36-37. The complaint lacks any details about the alleged incident and Mr. Stone's injuries by which the Court could later assess whether Plaintiffs' claims differ from the descriptions in incident reports and offered by eyewitnesses. Id. Based on the lack of factual detail on the face of the complaint, see generally ECF No. 85, Plaintiffs' claims do not appear to "be of substance." See Cooper, 877 F.2d at 172 (internal quotations & citation omitted); Stewart v. McMickens, 677 F. Supp. 226, 228 (S.D.N.Y 1988) (denying appointment of counsel because the legitimacy of the case was not apparent from the face of the pleading); cf. Baskerville v.

[2] The Court makes this assessment based on a review of the complaint and does not prejudge the many motions to dismiss. See ECF Nos. 94, 96, 109, 115, 119, 122, 127, 130.

Goord, No. 97 Civ. 6413 (BSJ) (KNF), 2001 WL 527479, at *2 (S.D.N.Y. May 16, 2001) (finding that the plaintiff's claims potentially had merit because he "has not merely made conclusory statements that relief is due to him, but has described the circumstances under which he sustained the injuries, and also submitted physical evidence which supports his claim").

The Court notes that several motions to dismiss are pending before the undersigned, which also weigh against appointing counsel at this juncture. See ECF Nos. 94, 96, 109, 115, 119, 122, 127, 130; see also 9/29/2026 Order. Although the likelihood of success on a dispositive motion is not determinative of meeting the Hodge threshold, "simply because a complaint may survive a motion to dismiss . . . does not mean that a case warrants" appointment of counsel. See Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 205-206 (2d Cir. 2003) (citing Cooper, 877 F.2d at 172) (finding that the plaintiff's claims were "unlikely to be meritorious" because of the absence of evidence or more detailed allegations beyond general assertions of racism). Should Plaintiffs' claims survive, Mr. Stone may renew his request for appointed counsel.

The secondary Hodge factors also weigh against the appointment of counsel at this stage. Here, Plaintiffs have demonstrated their ability to initiate this case, amend the complaint, file the instant motion and respond to motions to dismiss while proceeding pro se. See ECF Nos. 1, 39, 45, 84, 85, 102-08, 120, 128. Plaintiffs' ability to present their case as needed to date does not warrant appointment of counsel at this time. See Shealy v. Niagara Frontier Transp. Auth., No. 24 Civ. 1172 (MAV), 2026 WL 2944024 (W.D.N.Y. Sep't 30, 2026) (denying appointment of counsel where the plaintiff showed he could advocate on his own behalf by initiating the case and filing various other pleadings); Griggs v. Schmauss, 668 F. Supp. 3d 168, 172 (W.D.N.Y.

2023) (denying appointment of counsel because the plaintiff demonstrated the ability to understand and handle litigation by submitting multiple amended complaints and filing various motions).

Plaintiffs' ability to investigate the facts of the case also does not warrant appointment of counsel. Plaintiffs demonstrated their ability to investigate and present the facts through their original complaint, which attached exhibits spanning 195 pages, consisting of documents such as email correspondence over the course of the alternative dispute resolution ("ADR") process and after-visit summary reports from Jamaica Hospital. See ECF No. 1-2. Plaintiffs have continued to demonstrate a grasp of the facts of their case through the filing of the operative First Amended Complaint, see ECF No. 85, and various other pleadings, see, e.g., ECF Nos. 12, 22, 82. If Plaintiffs' complaint were to survive the pending motions to dismiss, then Plaintiffs may be able to use discovery tools to investigate relevant facts. See Radin v. Tun, No. 12 Civ. 1393 (ARR) (VMS), 2014 WL 12829436, at *10 (E.D.N.Y. Sep't 17, 2014) (finding that the secondary Hodge factors weighed against granting a motion to appoint counsel where the plaintiff had already attached medical records to her initial pleadings, while also acknowledging she could later obtain more evidence through routine discovery requests if her complaint survived dismissal).

Although Plaintiffs argue that there are complex legal issues involved in this case and several attorneys have allegedly declined representation due to concern regarding the complexity of the case, the essence of these claims is the sufficiency of a benefits determination, which is not a novel issue. See Foggie ex rel. Geronimo v. Comm'r of Soc. Sec., 243 F. Supp. 2d 2, 4 (S.D.N.Y. 2003) (finding that a complaint alleging that the Commissioner of Social Security

erred in denying plaintiff's claim for benefits did not raise a novel or overly complex legal issue so as to warrant appointment of counsel). Even if this case were to reveal complex issues during discovery or later, the legal issues identified so far are of routine complexity, weighing against appointment of counsel. See Radin, 2014 WL 12829436, at *10.

Plaintiffs likewise do not present a need for cross-examination of witnesses at this point in the litigation, which weighs against appointment of counsel. See Justice v. Kuhnapfel, 982 F. Supp. 2d 233, 237 (E.D.N.Y. 2013) (finding there was no need for cross-examination by an attorney because the case had not yet proceeded to discovery or trial and defendants had moved to dismiss). Plaintiffs do not demonstrate any other unique circumstances that might warrant appointment of counsel at this time. Although Plaintiffs could likely benefit from the assistance of an attorney, the current circumstances do not weigh in favor the Court allocating to Plaintiffs the limited possibilities that an attorney would take this federal case pro bono.

## III. MOTION TO PROCEED IN FORMA PAUPERIS

Mr. Stone also requests to proceed in forma pauperis because he is allegedly experiencing financial hardship due to his inability to work because of his injuries. See ECF No. 84 at 3. At the time of this request, Mr. Stone indicated that he has been receiving $2,600 per month in Social Security benefits since December 10, 2025. Id. at 2. Mr. Stone further stated that he has $400 in a checking or savings account and does not own any property. Id. Mr. Stone's rent or mortgage is $4,400 per month. Id. Mr. Stone has two minor children who reside with him and receive Social Security dependent benefits. Id.

### a. Applicable Law

Any court may authorize the commencement of a civil suit "without prepayment of fees

or security" so long as the plaintiff submits an affidavit "that includes a statement of all assets" he possesses. See 28 U.S.C. § 1915(a). A plaintiff does not need to be absolutely destitute to qualify for in forma pauperis status. See Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948). A motion to proceed in forma pauperis meets the standards of 28 U.S.C. § 1915(a) when it demonstrates that the applicant cannot pay for the litigation costs and still provide himself and his dependents with the "necessities of life." Id.; see Rosa v. Doe, 86 F.4th 1001, 1008 (2d Cir. 2023) (applying the Adkins standard when assessing plaintiff's financial condition). A court has discretion to deny an application if the applicant's access to the court is not blocked by his financial condition. See Fridman v. City of New York, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) (quoting Sears, Roebuck & Co. v. Charles W. Sears Real Est. Inc., 686 F. Supp. 385, 385 (N.D.N.Y. 1988)) (citation modified).

**b. Discussion**

The docket indicates that the $405.00 civil filing fee was paid on October 23, 2025, see ECF No. 2, and service has been made, see ECF Nos. 25, 29, 35, 46. Accordingly, Plaintiffs' request for in forma pauperis ("IFP") status is denied as moot. See Barnett v. James, No. 26 Civ. 3048 (JGLC), 2026 WL 2212956, at *1 (S.D.N.Y. July 31, 2026) (revoking the plaintiff's IFP status after he paid filing fees in three civil actions, thereby demonstrating he had sufficient funds); Hatches v. Cipollini, No. 17 Civ. 6053 (PMH), 2020 WL 8620027, at *3 (S.D.N.Y. Sep't 22, 2020) (denying IFP application as moot because the filing fees had already been paid). The Court may consider other financial resources available to Plaintiffs, such as Mrs. Stone's income and Mr. Stone's Social Security benefits. See Fridman, 195 F. Supp. 2d at 538 (denying application because plaintiff's wife was employed and plaintiff's Social Security disability

payments supplemented her income); cf. Potnick v. E. State Hosp., 701 F.2d 243, 244 (2d Cir. 1983) (granting IFP status where the plaintiff's monthly benefits were below poverty level and his income, bank account balance and substantial debt also reflected financial hardship). Plaintiffs' IFP application is also inadequate because it does not elaborate on expenses incurred due to their dependents, despite their claims that these expenses support a showing of financial need. See Miliano v. Best Care Inc., No. 24 Civ. 6641 (JMA) (SIL), 2024 WL 4482376, at *1 (E.D.N.Y. Sep't 26, 2024) (denying IFP application due to incomplete information such as the amount the plaintiff contributed towards support for her financial dependents). Although Mr. Stone is not currently employed, there is no evidence offered about Mrs. Stone's employment status. See generally ECF No. 84 at 2-3. Given that Plaintiffs also claim monthly expenses of $4,400 in rent and mortgage payments, this suggests incomplete information regarding Plaintiffs' financial need. Plaintiffs have not adequately demonstrated that their financial situation has prevented them from accessing this Court.

## IV. CONCLUSION

For the reasons set forth above, the Court denies without prejudice Plaintiffs' motion to appoint counsel. The Court also denies Plaintiffs' request to proceed in forma pauperis as moot.

Plaintiffs are encouraged to communicate with the Federal Pro Se Legal Assistance Project (Fed Pro) of the City Bar, which is not affiliated with the Court, by calling (212) 382-4729 or visiting https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project/. Plaintiffs are further encouraged to review the Self-Representation Guide on the Court's website at https://www.nyed.uscourts.gov/representing-yourself. The Court will mail a copy of this Order to Andrew Stone and Samantha Stone at 253 Main Street, Suite 144,

Matawan, NJ 07747.

Dated: Brooklyn, New York
November 13, 2026

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge